1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    Anthony Nabor Orosco,                          No. 2:19-cv-02624-KJM-DMC

12                        Petitioner,                 ORDER

13          v.

14    Josie Gastelo,

15                        Respondent.

16

17          Anthony Nabor Orosco, a state prisoner proceeding with retained counsel, petitions for a

18    writ of habeas corpus under 28 U.S.C. § 2254.  The matter was referred to a United States

19    Magistrate Judge under this District's local rules.  The Magistrate Judge has filed findings and

20    recommendations, which were served on the parties and which contained notice that the parties

21    may file objections.  *See generally* F&Rs, ECF No. 18.  Orosco objected.  *See generally* Objs.,

22    ECF No. 21.  Respondent neither objected nor responded to Orosco's objections.

23          In his objections, Orosco identifies no factual errors in the Magistrate Judge's findings

24    and recommendations.  The court has located none.  The court also has reviewed the Magistrate

25    Judge's legal conclusions de novo.  *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007).

26    The Magistrate Judge's findings and recommendations are supported by the record and the proper

27    analysis.  The court adopts them in full.  The discussion below is necessary only to explain why

28    Orosco's objections do not identify any errors in the findings and recommendations.

                                                    1

Orosco objects only to the Magistrate Judge's analysis of the state trial court's responses to two jury questions. *See generally* Objs., ECF No. 21; *see* F&Rs at 9–13. He does not object to the recommendation to dismiss a claim about another question. *See* F&Rs at 13–14. Nor does Orosco object to the Magistrate Judge's recommendation to dismiss his claim that he received ineffective assistance from his trial attorney in state court. *See id.* at 15–18.

The Magistrate Judge found the relevant claims were barred by the procedural default rule described in cases such as *Harris v. Reed*, 489 U.S. 255, 260–63 (1989). *See, e.g.*, F&Rs at 12–13. Under that rule, federal courts do not entertain habeas petitions if the state court's judgment was based on a rule of state law that was both independent from federal law and adequate to support the judgment. *See Harris*, 489 U.S. at 261–62. In Orosco's case, the state courts rejected his arguments about the jury's questions because his attorney had not objected when the trial court answered those questions. *See People v. Orosco*, No. C081139, 2018 WL 4501121, at *8 (Cal. Ct. App. Sept. 20, 2018) (unpublished). Under California law, when trial courts respond to jury questions "with a generally correct and pertinent statement of the law," defendants forfeit any claims about the answer on appeal if they do not object. *People v. Boyce*, 59 Cal. 4th 672, 699 (2014). The Magistrate Judge found this rule was independent and adequate and barred Orosco's federal claims about questions 6 and 7. *See* F&Rs at 12–13.

Some of Orosco's objections to this analysis indirectly criticize the California Court of Appeal's application of the state's forfeiture rule. *See, e.g.*, Objs. at 3–4 (distinguishing case law); *id.* at 6–7 (parsing correct from incorrect responses to jury questions). This court cannot grant his petition to correct any errors in the state courts' interpretation of state law. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). The question is not whether the state court's decision was correct, but instead whether it was "independent of the merits of the federal claim and an adequate basis for the state court's decision." *Harris*, 489 U.S. at 260 (citations and quotation marks omitted).

Beyond these implicit criticisms, Orosco's primary argument urges the court to conclude the state's forfeiture rule is not "adequate" in the necessary sense. *See* Objs. at 1–5. He argues

1   the state trial court had a duty to answer the jury's questions correctly even if he did not object.

2   *See id.* at 2 (citing *People v. Breverman*, 19 Cal. 4th 142 (1998), among other authorities).

3   Orosco did not make this argument in his petition or traverse, so neither the Magistrate Judge nor

4   the respondent could consider or respond to it.  A district court has discretion not to consider

5   arguments a petitioner raises for the first time in his objections.  *Akhtar v. Mesa*, 698 F.3d 1202,

6   1208 (9th Cir. 2012).  The court will not consider his new argument now.  Orosco is represented

7   by counsel and could have raised the argument earlier.  Nor is his interpretation of California law

8   so compelling that declining to consider it would lead to an injustice.  For example, one

9   distinction between this case and the cases he cites is their focus on jury instructions rather than

10  answers to a jury's questions.  *See, e.g.*, *People v. Souza*, 54 Cal. 4th 90, 112–13 (2012)

11  (considering requested instructions on lesser included offenses.).  The reasons that have

12  motivated California's appellate courts to impose an independent instructional duty do not

13  obviously translate to a trial court's responses to jury questions.  *See, e.g.*, *Breverman*, 19 Cal. 4th

14  at 154–55 (discussing these motivations).

15      Orosco also argues the state's forfeiture rules were not "adequate" because they were not

16  firmly established and regularly followed at the time his case went to trial.  *See* Objs. at 3–5.  A

17  review of California case law show otherwise.  For many years, California appellate courts have

18  declined to hear arguments about a trial court's answers to jury questions if those answers drew

19  no objections at trial.  *See, e.g.*, *People v. Dykes*, 46 Cal. 4th 731, 802–03 (2009); *People v.*

20  *Rodrigues*, 8 Cal. 4th 1060, 1191–92 (1994); *People v. Johnson*, 6 Cal. 4th 1, 52 (1993).  And for

21  the same reasons described above, the court declines to consider Orosco's new argument about

22  frictions between this forfeiture rule and a state trial court's obligation to give instructions even

23  without a request or objection.  *See* Objs. at 6.

24      The court has considered whether to issue a certificate of appealability.  *See* 28 U.S.C.

25  § 2253(c); Fed. R. App. P. 22(b).  For the reasons in the Magistrate Judge's findings and

26  recommendations, the court declines to issue a certificate of appealability.

27      Accordingly, IT IS HEREBY ORDERED that:

28          1.      The findings and recommendations filed July 7, 2022, are adopted in full;

1              2.       Petitioner's petition for a writ of habeas corpus, ECF No. 1, is denied;

2              3.       The court declines to issue a certificate of appealability; and

3              4.       The Clerk of the Court is directed to enter judgment and close this file.

4    DATED:  February 21, 2023.

5                                                    _____
                                                     CHIEF UNITED STATES DISTRICT JUDGE